No. 8842.

BOYD v. BOYD.

DIVORCE—*County Court—Appeal to District Court.* Decree in the County Court vacating a decree of divorce. Under Rev. Stat. Sec. 1536, an appeal lies to the District Court. The case not within Sec. 12 of c. 74 of the laws of 1915.

*Error to Arapahoe District Court, Hon. H. P. Burke, Judge.*

Mr. GEORGE ALLEN SMITH and Mr. E. L. REGNNITTER, for plaintiff in error.

Mr. W. G. TEMPLE and Mr. E. M. SABIN, for defendant in error.

Mr. Justice Bailey delivered the opinion of the court.

PLAINTIFF in error, Joseph W. Boyd, was plaintiff in a suit for divorce in the County Court of Arapahoe County, wherein Nelle May Boyd, defendant in error, was defendant, in which a decree was rendered in his favor in September, 1911. In July, 1914, defendant in error filed suit for the annulment of that decree, on the ground that she did not accept service of summons, though the record purports to show that she did; and further, that she had no knowledge of the granting of the decree, or the pendency of the suit, until shortly before filing her complaint herein. Answer was filed, and upon trial judgment was entered setting aside the decree, from which judgment Joseph appealed to the District Court. Mrs. Boyd filed a motion to dismiss that appeal, on the ground that the District Court had no jurisdiction to review the judgment, as it was a judgment in divorce proceedings, to which no appeal to the District Court lies. This motion was sustained, and plaintiff in error brings the judgment of dismissal here for review.

The appeal from the judgment of the County Court, vacating the divorce decree, was taken to the District Court under sec. 1536, R. S. 1908, providing that appeals

may be taken from the County Court to the District Court upon all final judgments of that court, except upon judgments upon confession:

"Appeals may be taken to the District Court of the same county, from all final judgments and decrees of the County Court, except judgments by confession, by any person aggrieved by such final judgment or decree; * * *"

The suit was an independent action in equity, to set aside an alleged void judgment. The fact that the judgment sought to be annulled happens to be a decree of divorce in no way affects the character of the action so as to bring it within the purview of the statute relating to appeals in divorce cases. It appears that plaintiff below moved the dismissal of the appeal upon the theory that sec. 12, chap. 74, Session Laws, 1915, governed the procedure. That section, so far as it might be applicable, is as follows:

"No appeal shall be taken or allowed to the District Court from any judgment or decree of a County Court in any action for divorce. * * *"

This provision relates to appeals from decrees or judgments in divorce actions, and applies to such only. This was not a suit or proceeding in divorce, and the foregoing provision has no application to the judgment and decree under consideration.

Judgment reversed, and cause remanded to the District Court for a trial on the merits, de novo.

Mr. Chief Justice White and Mr. Justice Allen concur.

Decided April 2, A. D. 1917. Rehearing denied May 7, A. D. 1917.